UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **CURTIS HESTER** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| **HAZA FOODS, LLC** | § | |
| | § | |
| *Defendant.* | § | **(Jury Trial Demanded)** |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff, Curtis Hester ("Hester" or "Plaintiff") complaining of and about Haza Foods, LLC ("Haza Foods" or "Defendant"), and in support shows as follows:

### I.   INTRODUCTION

1. This is an action under Title VII of the Civil Rights Act of 1964 for Defendant's unlawful employment practices on the basis of sex/gender.

### II.   PARTIES

2. Plaintiff Curtis Hester is a United States Citizens that resides in Texas. Plaintiff at all relevant times was an employee of Defendant within the meaning of Title VII of the Civil Rights Act of 1964, as amended.

3. Defendant, Haza Foods, LLC is a Texas limited liability company. Haza Foods may be served through its registered agent, Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701.

### III. JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1331 as it arises under federal law, specifically Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

5. This Court has personal jurisdiction over the Defendant because it is an entity formed pursuant to Texas law and because it continuously and systemically does business within the state of Texas. Moreover, Defendant employed Plaintiff within the state of Texas

6. The Southern District of Texas is the proper venue for this matter pursuant to 28 U.S.C. § 1391(b)(2) because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this district. Venue is also proper in this district because Defendant operated within this judicial district at all relevant times to the events giving rise to this suit.

### IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

7. On July 27, 2016, Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC").

8. On May 5, 2021, the EEOC issued a Determination Letter concluding that Defendant unlawfully discriminated against and harassed Plaintiff because of her sex, gender identity and transgender status and terminated Plaintiff's employment in retaliation for Plaintiff engaging in a protected activity.

9. On June 2, 2021, the EEOC issued Plaintiff a Notice of Right to Sue. Plaintiff files this Original Complaint within 90 days of receiving the Right to Sue Notices from the EEOC.

### V. FACTS

10. Plaintiff is a transgender woman. Plaintiff's legal name is Curtis Hester but Plaintiff goes by Alexis Hester.

11. Plaintiff began working for Defendant as a General Manager (in-training) at its Baytown Wendy's store in May 2016. Plaintiff was told that she would eventually be the General Manager of the 11960/Humble Wendy's.

12. Initially, Plaintiff was provided a female uniform shirt and female name tag with her name "Alexis" on it.

13. After a few weeks, Plaintiff was then transferred to the Wallisville Wendy's for additional training.

14. The General Manager of the Wallisville store was Josetta Sowell.

15. Sowell was not comfortable with Plaintiff's transgender status.

16. Sowell said hateful and disgusting things to Plaintiff regarding her gender and sexuality.

17. In July 2016, Sowell demoted Plaintiff from her management position to Crew Member.

18. Sowell then gave Plaintiff a male uniform shirt, a male tie and a new male name tag with the name Curtis on it.  Sowell told Plaintiff she could no longer wear the female uniform shirt and name tag.

19. Plaintiff told the District Manager Linda Corales about Sowell's conduct and complained that she was being discriminated against because of her gender identity.

20. Sowell's conduct toward Plaintiff did not change and she continued to say inappropriate things to Plaintiff and treat her with contempt and ridicule.

21. Plaintiff then called Human Resources and spoke with someone named Steve. Plaintiff told Steve about the demotion and Sowell's conduct.   Steve said he would handle it.

22. Shortly after Plaintiff complained to Human Resources and the District Manager,

Sowell terminated Plaintiff's employment. In the termination paperwork, Sowell alleges that she fired Plaintiff for "no call/no show" but this is demonstrably false based on Plaintiff's call records.

23. Plaintiff filed a Charge of Discrimination against Defendant on July 27, 2016.

24. I the months following Defendant's unlawful termination of Plaintiff, Sowell continued to harass Plaintiff. Sowell sent Plaintiff the following vulgar and threatening texts messages:





**Josetta**
(281) 914-7041

reference ok? learn what Fired is and get over it Im over your Drag Queen dramatic Get real and grow up..I fired you because I simply didn't want you Here I don't need a Tranny working in my fast food establishment Wendys is a Company who clearly discriminates so ill follow there rules.
watch your mouth you annoying fagget

Jul 23 8:53 AM



**Josetta**
(281) 914-7041



Jul 23 8:53 AM

and don't go running your mouth to Linda either or ill handle your foolish trash mouth.you don't know me to well and you don't know where I came from.but I know everything about you social security #,mother address phone # and everything stop playing with my job before I play with your life.

Jul 23 9:09 AM



you annoying Drag queen did yoi really file on me and the company, how stupid could you be i warned you to not play with me and you steadly keep your mouth an fagget antics going.
this will end and ill handle you and this silly matter
your trash im glad i fired you.
very dramatic just like these faggets and queens.

Jul 27 9:38 AM



Jul 27 9:38 AM

FAGS NEVER Win! your frowned down on your trash. the employee even said so there glad your gone.

Jul 27 10:02 AM

Last week

hey Punk just wanted to tell you that you would have a check to pick up Tuesday and bring my shirts and names tags back and make sure your done with this bullshit
i cant waite to see you Drag fag.

Aug 8 3:23 PM





## VI. CAUSE OF ACTION No. 1: DISCRIMINATION BASED ON SEX UNDER TITLE VII

25. Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

26. Defendant intentionally engaged in unlawful employment practices involving Plaintiff because she is transgender and does not conform to sex stereotypes. Plaintiff was demoted, humiliated, and ultimately terminated because of her sex. Even worse, the harassment did not stop when Defendant terminated Plaintiff's employment. Plaintiff's manager continued to

send her foul and threatening text messages for over a month after she terminated her for being transgender.

27. Defendant discriminated against Plaintiff in connection with the compensation, terms, conditions and privileges of employment, or limited, segregated, or classified Plaintiff in a manner that would deprive or tend to deprive her of any employment opportunity or adversely affect her status because of Plaintiff's sex (female) in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2(a).

### VII.   CAUSE OF ACTION NO. 2: RETALIATION UNDER TITLE VII

28. Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

29. Under 42 U.S.C. §2000e-3(a), it is an unlawful employment practice for an employer to discriminate or retaliate against an employee because that employee has opposed any practice, which constitutes discrimination based on sex.

30. Defendant retaliated against Plaintiff for her opposition to a discriminatory practice. Shortly after she complained to the District Manger and Human Resources about the discrimination she was experiencing, Plaintiff's manager wrote her up and terminated her employment.

### VIII.   RESPONDEAT SUPERIOR AND RATIFICATION

31. Whenever in this complaint it is alleged that the Defendant did any act or thing, it is meant that the Defendant's officers, agents, servants, employees or representatives did such act and/or that at that time such act was done, it was done with the full authorization or ratification of the Defendant or was done in the normal and routine course and scope of employment of Defendant's officers, agents, servants, employees, or representatives.

### IX.   DAMAGES

32. Plaintiff seeks monetary relief between $200,000 and $1,000,000.00.

33. As a direct and proximate result of Defendant's unlawful actions, Plaintiff has sustained injuries and damages, which include, but are not limited to severe emotional distress, mental anguish, humiliation and embarrassment in the past and which, in reasonable probability, will be suffered in the future; past and future lost wages and benefits; loss of employment capacity; past and future medical bills, and such other damages as will be more fully shown at trial and for which Plaintiff specifically sues herein.

34. Plaintiff would further show that the acts of Defendant complained of herein were committed with malice or reckless indifference to the protected rights of Plaintiff. In order to punish Defendant for engaging in unlawful business practices and to deter such actions and/or omissions in the future, Plaintiff also seeks recovery from Defendant for exemplary damages.

### X.   ATTORNEY'S FEE AND COSTS

35. Plaintiff is entitled to an award of attorney's fees and costs under Title VII, 42 U.S.C. §2000e-5(k).

### XI.   JURY DEMAND

36. Plaintiff requests a trial by jury on all issues that can be tried to a jury.

### XII.   PRAYER

WHEREFORE, premises considered, Plaintiff prays that the Defendant be cited to appear and answer herein, and that upon a final trial, judgment be entered for the Plaintiff against Defendant for:

   a. actual and consequential damages, including, but not limited to back pay (wages and benefits) and medical bills in the past and future;

   b. compensatory damages, including, but not limited to severe emotional distress,

      mental anguish, humiliation and embarrassment in the past and which in reasonable probability will be suffered in the future;

c. Punitive damages in an amount above the minimum jurisdictional limit of the Court;

d. Reasonable attorney's fees, with conditional awards in the event of appeal;

e. Pre-judgment interest at the highest rate permitted by law;

f. Post-judgment interest from the judgment until paid at the highest rate permitted by law;

g. Costs of court and expert witness fees incurred by Plaintiff in the preparation and prosecution of this action; and

h. Such other and further relief, at law or in equity, to which Plaintiffs may be entitled, whether by this Complaint or by any amendment hereto.

                  Respectfully submitted,

              By: */s/Sara Richey*
                   Sara Richey
                   Attorney-in-Charge
                   Federal Bar No: 1147425
                   Texas Bar No.: 24068763
                   11777 Katy Freeway, Suite 335
                   Houston, TX 77079
                   Tel. (713) 636-9931
                   sara@thericheylawfirm.com

                   ATTORNEY FOR PLAINTFF